IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00390-GPG-NRN

ZOE JOHNSON,

    Plaintiff,

v.

UNIVERSITY OF COLORADO,
JUSTIN SCHWARTZ, in his official capacity as Chancellor of the University of Colorado Boulder,
LLEN POMEROY, in her individual capacity,
ELIZABETH K. SWANSON, in her individual capacity,
SEQUOIA K. HILL, in her individual capacity, and
DANIE EDWARDS, in her individual capacity,

    Defendants.

---

**DEFENDANTS UNIVERSITY OF COLORADO'S AND LLEN POMEROY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF #39)**

---

Defendants the University of Colorado and Llen Pomeroy (sued in her individual capacity) hereby move to dismiss the claims against them in Plaintiff's Amended Complaint (ECF #39) pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Plaintiff's Amended Complaint has complicated, not streamlined, her claims. First, the Amended Complaint fails to comply with the local rules because it was filed without a notice and a redlined version. D.C.Colo.LCivR 15.1(a). Second, Defendant Schwartz in his official capacity is the same legal entity as the University, and thus, he is not filing a separate responsive pleading. F.R.C.P. 12(a)(4). Third, Sequoia K. Hill and Danie Edwards were added as defendants, in their individual capacities, with the filing of

**D.C.COLO.LCivR 7.1 certification**: Undersigned counsel conferred with Plaintiff's counsel about the bases for this motion on April 28, 2025. On April 30, 2025, Plaintiff's counsel responded that Plaintiff intended to amend the complaint to address the issues raised in the University's conferral. While the Amended Complaint has addressed some of the issues the University conferred about, it fails to address all of the issues raised in the initial conferral. Accordingly, on June 1, 2025, counsel for the University informed Plaintiff's counsel that it still intended to move to dismiss.

## INTRODUCTION

Plaintiff Zoe Johnson is a third-year student at the University of Colorado Boulder campus. ECF #39, ¶ 49. She is a member of the choir ensemble, led by Professor Elizabeth Swanson. *Id*. In the fall 2024 semester, Prof. Swanson received complaints from two choir students on two separate occasions regarding certain comments Plaintiff made during class. *Id.*, ¶¶ 55-56. Prof. Swanson requested to meet with Plaintiff to discuss the complaints, but Plaintiff refused. *Id*., ¶ 58; ECF #39-1. Prof. Swanson then reported the complaints to the University's Office of Institutional Equity and Compliance ("OIEC") – the office charged with, among other things, enforcing the University's nondiscrimination policy. ECF #39, ¶ 56; ECF #39-1, p. 2.

The OIEC reviewed the complaints and informed Plaintiff that, per its policy, Plaintiff was required to meet with the OIEC investigator for an educational discussion that would "not include an investigation or potential sanctions," but is to provide Plaintiff

---

Plaintiff's Amended Complaint. Plaintiff has not sent a waiver of service for Defendants Hill or Edwards, nor has either Defendant been served.

"the information that was reported" and give Plaintiff the "opportunity . . . to share [her] perspective." ECF #39-2. Plaintiff, accompanied by her attorney and her parents, met with two OIEC investigators via Zoom. ECF #39, ¶ 63. No adverse actions were taken against Plaintiff, and she was informed that the OIEC would not be investigating the complaints any further. *Id.*, ¶ 66.

Plaintiff now sues the University and several of its employees, seeking damages and injunctive relief under the First Amendment and invalidation of the University's nondiscrimination policy.

Plaintiff's claims under Section 1983 against the University fail for two reasons: (1) the Eleventh Amendment bars Section 1983 claims against the University because it is an arm of the state of Colorado; and (2) the University is not a "person" under Section 1983. Plaintiff's claims against Defendant Pomeroy in her individual capacity fail because the Amended Complaint does not set forth sufficient specific allegations regarding Defendant Pomeroy's actions to state a claim against her under Section 1983.

## STANDARD OF REVIEW

### I.      Fed. R. Civ. P. 12(b)(1)

Defendant's assertion of immunity under the Eleventh Amendment raises a question of the court's subject matter jurisdiction to be reviewed under Fed. R. Civ. P. 12(b)(1). *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998); *LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 802 (10th Cir. 2001) (unpublished) ("[O]nce effectively asserted [Eleventh Amendment] immunity constitutes

a bar to the exercise of federal subject matter jurisdiction."). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

## II.     Fed. R. Civ. P. 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. A plaintiff's factual allegations need not be detailed, but they must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a party's allegations must "plausibly" support a legal claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plausibility standard requires more than a mere possibility that a defendant has acted unlawfully, and dismissal is proper "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* Courts need not accept as true legal conclusions couched as factual allegations. *Id.* Rather, courts "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ARUGMENT

### I.     The Eleventh Amendment bars Plaintiff's § 1983 claim against CU.

Under the Eleventh Amendment, sovereign immunity protects states and their agencies from suit in federal court. *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789

4

F.3d 1164, 1168 (10th Cir. 2015). This prohibition extends to suits against state entities for injunctive relief. *Cory v. White,* 457 U.S. 85, 90-91 (1982).

The University, as an arm of the state of Colorado, is entitled to Eleventh Amendment immunity from suit in federal court. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *see also Sturdevant v. Paulsen*, 218 F.3d 1160, 1170–71 (10th Cir. 2000) ("We have consistently held that state colleges and universities are arms of the state.") (collecting cases); *Robinson v. Bd. of Regents of Univ. of Colorado*, 390 F. Supp. 2d 1011, 1016 (D. Colo. 2005) ("It is well-settled that the University of Colorado is considered a state entity capable of claiming Eleventh Amendment immunity.").

The two exceptions to this jurisdictional bar are: (1) valid Congressional abrogation of the Eleventh Amendment immunity; and (2) waiver. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). A waiver of Eleventh Amendment immunity must be express and unequivocal. *V-1 Oil Co. v. Utah Dept. of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 2002). Neither exception applies here.

The U.S. Supreme Court has held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Murray v. Colorado*, 149 F. App'x 772, 774 (10th Cir. 2005) (holding the University of Colorado is immune from Section 1983 claims under the Eleventh Amendment). And the University has not waived its Eleventh Amendment immunity against being sued under 42 U.S.C. § 1983 in federal court. *See Robinson*, 390 F. Supp. 2d at 1016 (finding no waiver).

The fact that the only relief sought against the University is under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not save Plaintiff's claims because it is well established that "[t]he Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief." *Higganbotham v. Oklahoma ex rel. Oklahoma Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003). This is because the Act does not provide an independent cause of action. *See Nero v. Oklahoma*, No. 22-6121, 2022 WL 14423872, at *2 (10th Cir. Oct. 25, 2022) (unpublished) ("[T]he Declaratory Judgment Act does not provide an independent federal cause of action.") (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–74 (1950)). Rather, "the Act 'enlarge[s] the range of remedies available in the federal courts,' but it leaves 'substantive rights unchanged[.]'" *Nero*, 2022 WL 14423872, at *2 (citing *Skelly Oil*, 339 U.S. at 671 and *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 509 (1959)).

Accordingly, the claims against the University of Colorado must be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

## II.     The University is not a "person" that can be sued under Section 1983.

Separate and apart from the Eleventh Amendment, Section 1983 claims against the University fail because the University is not a "person" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63–68 (1989) (holding that in light of Section 1983's language and legislative history, "a State is not a person within the meaning of § 1983"). In *Howlett v. Rose,* the Court clarified that its holding in *Will* extends to arms of the state. 496 U.S. 356, 365 (1990) ("*Will* establishes that the State

6

and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

As discussed above, it is well-established that the University is an arm of the state of Colorado. *Rozek*, 865 F.2d at 1158; *Robinson*, 390 F. Supp. 2d at 1016. As an arm of the state, the University cannot be sued under Section 1983 either for damages or for injunctive relief. *See Will*, 491 U.S. at 71, n.10 (excepting from its holding only claims for prospective relief against a state official sued in his or her official capacity).

Accordingly, the Section 1983 claims against the University should be dismissed for the additional reason of failing to state a claim under Fed. R. Civ. P. 12(b)(6).

### III. The Complaint does not sufficiently allege personal participation to sustain an individual capacity claim against Defendant Pomeroy.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). If a defendant is sued in her individual capacity, the complaint must allege facts which, if proven, would show that the defendant personally participated in the alleged violation. When alleging a Section 1983 action against a government employee in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is especially true where, as here, Plaintiff has named "a number of government actors sued in their individual capacities." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

To state a claim under Section 1983, the complaint must "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to

7

the basis of the claims against him or her, as distinguished from collective allegations." *Robbins*, 519 F.3d at 1250. In other words, when "imposing personal liability on government officials, [courts] have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) ("The need for individualized allegations is especially important where, as here, each of the defendants had different powers and duties, but the Complaint fails to identify specific actions taken by particular defendants that could form the basis of a constitutional violation.").

Here, Plaintiff claims that Defendant Pomeroy retaliated against her in violation of the First Amendment. ECF #39, ¶¶ 68-81. To sufficiently allege this claim, as a student against an individual university employee (Pomeroy), Plaintiff must plead, and eventually prove, that (1) she "engaged in constitutionally protected activity," (2) Pomeroy's actions caused Plaintiff "to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that protected activity," and (3) Pomeroy's actions "were substantially motivated as a response" to the protected activity. *McBeth v. Himes*, 598 F.3d 708, 717 (10th Cir. 2010).

First, it is wholly unclear what "constitutionally protected activity" Plaintiff was engaged in and for which Pomeroy allegedly retaliated. Plaintiff identifies two instances of constitutionally protected speech: "ask[ing] questions during choir ensemble," and "her refusal to attend a meeting with OIEC." ECF #39, ¶¶ 70, 75. She then identifies two allegedly retaliatory actions: Defendant Swanson's referral to the OIEC and Defendant

8

Hill's "threat[] to put an academic hold" on Plaintiff's student account. *Id.*, ¶¶ 71, 76. But none of this alleges Pomeroy was involved in any of those acts. Plaintiff does not allege that Pomeroy even knew about either protected activity, does not identify at all how Pomeroy was involved in Swanson's referral to the OIEC or in Hill's email, and offers nothing about how Pomeroy's (unidentified) actions were allegedly "substantially motivated" by the protected activity.

But second, even assuming that Plaintiff has intended to allege Pomeroy's involvement by virtue of her role as Defendants Hill's and Edwards' supervisor, she still falls short, because the allegations against Pomeroy are scant and conclusory at best. The Amended Complaint alleges:

> Upon information and belief, Defendants Hill and Edwards reported all events in Plaintiff Johnson's case to Defendant Pomeroy as they were occurring, and Defendant Pomeroy was involved in Defendants Hill and Edwards' decisions on how to proceed against Plaintiff Johnson.

(ECF 39, ¶ 65); *see also*

> Defendant Pomeroy had knowledge of OIEC's investigation of Plaintiff Johnsons and, upon information and belief, was involved in Defendants Hill and Edwards' decisions on how to proceed against Plaintiff Johnson.

(*Id.* ¶ 79.)

This is far from sufficient to state a claim against Defendant Pomeroy in her individual capacity. At most, these allegations establish only that Pomeroy was Defendants Hill and Edwards' supervisor and had knowledge of their activities. That is not enough for individual liability on any theory. The Tenth Circuit has held that a plaintiff "must show an 'affirmative link' between the supervisor and the constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). "This requires, for example, more

9

than 'a supervisor's mere knowledge of his subordinate's' conduct." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Specifically, to establish a successful § 1983 claim based on supervisory liability, a plaintiff must plead (1) personal involvement; (2) causation, and (3) state of mind. *Id.* Yet all Plaintiff has here is, at most, Pomeroy's "mere knowledge" of other's conduct. Plaintiff has alleged no facts that show anything more.

Accordingly, Plaintiff's § 1983 claim against Defendant Pomeroy must be dismissed. *Santistevan v. Stegink*, No. 15-CV-00198-RM-KMT, 2016 WL 1388018, at *1 (D. Colo. Apr. 8, 2016).

## CONCLUSION

Defendants the University of Colorado and Llen Pomeroy in her individual capacity respectfully request the Court to dismiss the claims in Plaintiff's Amended Complaint (ECF #39) against them, and grant such other relief as the Court deems just.

Respectfully submitted this 6th day of June, 2025.

/s/ Megan Clark
MEGAN CLARK
Senior Assistant University Counsel
HERMINE KALLMAN
Associate University Counsel
Special Assistant Attorneys General
University of Colorado
Office of University Counsel
1800 Grant St., Ste. 700
Denver, CO 80203
303-860-5691
megan.clark@cu.edu
hermine.kallman@cu.edu

PHILIP J. WEISER
Attorney General

*/s/ R. Warren Beck*

R. WARREN BECK*
Assistant Attorney General
MICHAEL MCMASTER*
Assistant Solicitor General
1300 Broadway, 10th Floor
Denver, Colorado 80203
(720) 508-6143
(720) 508-6484
warren.beck@coag.gov
michael.mcmaster@coag.gov

*Counsel of Record

*Attorneys for Defendants University of Colorado, Schwartz, and Pomeroy*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Geoffrey N. Blue
Scott E. Gessler
Gessler Blue, LLC
7350 E. Progress Place, Suite 100
Greenwood Village, CO 80111
(303) 906-1050
gblue@gesslerblue.com
sgessler@gesslerblue.com

John-Paul S. Deol
Dhillon Law Group, Inc.
177 Post Street, Suite 700

San Francisco, CA 94108
(415) 741-7935
jpdeol@dhillonlaw.com

Matthew Sarelson
Dhillon Law Group
1601 Forum Place, Suite 403
West Palm Beach, FL 33401
(305) 773-1952
msarelson@dhillonlaw.com

Madison Hahn
Young America's Foundation
11480 Commerce Park Dr., Suite 600
Reston, VA 20191
(800) 872-1776
mhahn@yaf.org

*Attorneys for Plaintiff*


Josh A. Marks
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
jam@bhgrlaw.com

*Attorney for Defendant Elizabeth K. Swanson*

                                                *s/ Elisha Garza*
                                                Elisha Garza, Litigation Paralegal