IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 25-cv-00390-GPG-NRN

ZOE JOHNSON,

      Plaintiff,

v.

ELIZABETH K. SWANSON,
SEQUOIA K. HILL, and
DANIE EDWARDS,

      Defendants.

---

## ORDER

---

Before the Court is Defendant Elizabeth K. Swanson's Motion for Judgment on the Pleadings (D. 111). The Court GRANTS the motion for the following reasons.

## I. FACTS

This civil action arises from remarks Plaintiff Zoe Johnson made in choir class as a student at the University of Colorado Boulder and ensuing events.[1] Plaintiff, until her recent graduation, was a student at the University of Colorado Boulder (D. 102 at ¶ 5; D. 130 at 3). On four separate occasions she made comments during choir practice that other students then reported to the professor, Defendant Elizabeth Swanson (D. 102 at ¶¶ 76, 80, 83, 93). In response, Defendant

---

[1] The Court draws the operative facts as set forth in the Second Amended Complaint (D. 102). Plaintiff's Second Amended Complaint suffers from unhelpful hyperbole, overstatement, and implausible legal conclusions. In large part, it is unnecessary to resolve those issues in the current context of Defendant Swanson's Motion for Judgment. Plaintiff lodged a single claim against Defendant Swanson and the Motion for Judgment addresses only that claim and nothing more. Other issues will get sorted as the case proceeds as to the remaining Defendants.

Swanson encouraged students in the class to file reports concerning Plaintiff's comments with the University's Office of Institutional Equity and Compliance (OIEC) (*id.* at ¶¶ 81, 85) and emailed Plaintiff asking to set up a time to meet to discuss the comments (*id.* at ¶ 94). After Plaintiff declined to meet with Defendant Swanson, Defendant Swanson filed her own report with the OIEC (*id.* at ¶ 95). Defendant Hill from the OIEC then reached out to Plaintiff requesting a meeting to discuss "concerns reported into [OIEC] involving comments that you made to other students relating to protected class identities" (D. 102-7 at 3). Defendant Hill's email to Plaintiff stated that the meeting was to be "purely an educational discussion" not to include "an investigation or potential sanctions" (*id.*). Plaintiff was not subject to any further action beyond this purely educational, explicitly non-punitive meeting (D. 102 at ¶ 104).[2]

As a result of these events, Plaintiff filed the instant suit claiming that Defendant Swanson violated her First Amendment rights (D. 102). Defendant Swanson now moves for judgment on the pleadings, arguing that Plaintiff fails to state a claim and Defendant Swanson is entitled to qualified immunity (D. 111).

## II. LEGAL STANDARD

### A. Rule 12(b)(6) and (c)

In deciding a motion brought under Rule 12(c), the Court applies the same standard that it would use to evaluate a motion brought under Rule 12(b)(6). *Adams v. Jones*, 577 F. App'x 778, 781–82 (10th Cir. 2014). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to

---

[2] The Plaintiff labors mightily to convince the Court that, despite the lack of any punishment beyond attending a PCM with OIEC, the "process [was] the punishment" (D. 102 at 24-25). For the reasons set forth herein, that argument is both unconvincing and one for which Defendant Swanson enjoys qualified immunity.

dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). In assessing a claim's plausibility, legal conclusions contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### B. Qualified Immunity

Qualified immunity is immunity from suit and not a mere defense to liability. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (citation omitted). Thus, at this stage of the litigation, the plaintiff must (1) allege a violation of a constitutional right and (2) the right must be clearly established at the time of the defendant's alleged misconduct. *Keith v. Koerner*, 707 F.3d

1185, 1188 (10th Cir. 2013). "The factual allegations must be specific and non-conclusory, and sufficient for a district court to determine that those facts, if proved, demonstrate the defendant is not entitled to qualified immunity." *Currier v. Doran*, 242 F.3d 905, 912 (10th Cir. 2001) (citation and internal quotations omitted). Asserting qualified immunity via a motion to dismiss "subjects a defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). When reviewing a motion to dismiss under the lens of qualified immunity, the court should not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (citation omitted).

### III.  ANALYSIS

Defendant Swanson is entitled to judgment on the pleadings because Plaintiff fails to state a First Amendment retaliation claim against her. To state a First Amendment retaliation claim, a plaintiff must allege that: (1) she was engaged in constitutionally protected activity; (2) the defendant took actions that caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse actions were substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007); *Bird v. W. Valley City*, 832 F.3d 1188, 1212 (10th Cir. 2016). A plaintiff is required to allege specific facts showing that but for the retaliatory motive, the adverse incidents in question would not have taken place. *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990).

For the purposes of this motion, Defendant Swanson assumes that Plaintiff engaged in protected speech and only contests the second element—that her action caused Plaintiff to suffer

4

an injury that would chill a person of ordinary firmness from continuing to speak (D. 111 at 7).

Plaintiff's alleged injury was being reported to the OIEC, which she states was "for punishment"

(D. 102 at ¶¶ 135–137).  Plaintiff argues that Defendant Swanson's report chilled her from asking

questions in class, speaking with her classmates, or expressing her views on race "or anything

else" (*id.* at ¶ 138).  Neither party asserts a factual dispute precluding entry of judgment on the

pleadings.

Plaintiff's alleged injury, being reported for a potential investigation, is not actionable

under Tenth Circuit case law.  In *Couch v. Bd. of Trs. of Mem'l Hosp. of Carbon Cnty.,* the Tenth

Circuit held that an investigation of potential misconduct generally does not constitute an adverse

action sufficient to support a First Amendment retaliation claim.  587 F.3d 1223, 1243 (10th Cir.

2009).[3]  Given, that case concerned First Amendment retaliation within the employment context,

which is not quite the case here, but the Court finds the difference immaterial as Defendant

Swanson's referral did not result in even an investigation (*see* D. 102-7 at 3 (Defendant Hill's

email to Plaintiff stating that the OIEC meeting was to be "purely an educational discussion" not

to include "an investigation or potential sanctions.")).

In her response brief, Plaintiff cites Tenth Circuit and District of Colorado case law stating

that "threatened prosecution" and "verbal threats" are actionable injuries (D. 130 at 6–7); however,

---

[3] The Court recognizes that, in the employment context, actionability for a First Amendment claim may not require dismissal or its equivalent. *Maestas v. Segura*, 416 F.3d 1182, 1188 n.5 (10th Cir. 2005).  However, the 10th Circuit, unlike the 7th Circuit, has not extended this doctrine so far as to determine that any "employment action which may tend to chill free speech is necessarily adverse." *Id.*  In *Maestas*, the 10th Circuit specifically left that question for another day.  Since *Maestas* was penned in 2005, that day has not yet arrived. See *Couch*, 587 F.3d at 1237 ("But we have never ruled that all of an employer's acts, no matter how trivial, are sufficient to support a retaliation claim." (citation modified)).  The as-yet undetermined test for actionability is somewhere between the two poles of dismissal and de minimis.  The very undetermined nature of the standard indicates the right has not been clearly established.  Further, the actions taken regarding Plaintiff were far more akin to de minimis.

there is nothing in the complaint to support the notion that Plaintiff was threatened with prosecution or received verbal threats from anyone at the University, let alone from Defendant Swanson.   The facts in the complaint at best suggest that OIEC personnel—not Defendant Swanson—merely informed Plaintiff of the University's policy and on how the policy applied or could apply to her words.  Being informed of the terms of a policy that one is subject to (and is not challenging) is not a restriction on speech.[4]

In any event, even if being reported for a potential investigation was an actionable injury, Defendant Swanson would be entitled to qualified immunity because Plaintiff's right (to not to be reported for a potential university policy violation)[5] was not clearly established. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton,* 438 U.S. 635, 640 (1987)).  A plaintiff may show that a law was clearly established "by identifying an on-point Supreme Court or published Tenth Circuit decision" or by showing that "the clearly established weight of authority from other courts" found the law to be as the plaintiff maintains.  *Cox v. Glanz,* 800 F.3d 1231, 1247 (10th Cir. 2015) (quotations omitted).  While "[t]he qualified immunity doctrine does not

---

[4] Perhaps the situation would be different if Plaintiff were challenging the terms of the policy itself.  However, Plaintiff voluntarily dismissed (D. 125) with prejudice count one of her Second Amended Complaint (D. 102), which was her only claim directly challenging the terms of the policy.

[5] Plaintiff characterizes the right at issue as the "general right to be free from retaliation for one's speech," including in academic settings (D. 130 at 10).  This characterization of her asserted right is too broad.  *See Mullenix v. Luna,* 577 U.S. 7, 12 (2015) ("We have repeatedly told courts . . . not to define clearly established law at a high level of generality.  The dispositive question is whether the violative nature of *particular* conduct is clearly established.  This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." (internal citations and quotations omitted)); *Est. of Reat v. Rodriguez*, 824 F.3d 960, 965 (10th Cir. 2016), *as amended on reh'g in part* (Aug. 12, 2016) ("Though the elements of the state-created danger test are clearly established, it also must be clear to which fact scenarios and government actors we apply the test").

require a case exactly on point," it does require that "in the light of pre-existing law the unlawfulness must be apparent." *Weise v. Casper,* 593 F.3d 1163, 1167 (10th Cir. 2010) (internal citations and quotations omitted).

Plaintiff does not identify any Tenth Circuit or Supreme Court case law indicating that a report of potential misconduct by a teacher is impermissible retaliation under the First Amendment. Neither has she identified any relevant Tenth Circuit or Supreme Court case law indicating that any investigatory process—whether in an academic setting or otherwise—in and of itself constitutes actionable punishment for a First Amendment claim. Therefore, her right was not clearly established, and Defendant Swanson would be entitled to qualified immunity.

## IV.  CONCLUSION

Accordingly, Defendant Swanson's Motion for Judgment on the Pleadings (D. 111) is GRANTED.

DATED July 27, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge

7